## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| NATIONAL COUNCIL OF THE UNITED STATES SOCIETY OF ST. VINCENT DE PAUL, INC., a Delaware non-profit corporation, | ) ) ) |
| | ) |
| Plaintiff, | ) |
| | ) Cause No. 13-cv-1356 |
| vs. | ) |
| | ) **JURY DEMAND** |
| VOLUNTEERS FOR CATHOLIC ORGANIZATIONS, a non-profit California corporation, | ) ) ) |
| | ) |
| and | ) |
| | ) |
| SCOTT PORTER, individually, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW Plaintiff National Council of the United States Society of St. Vincent de Paul, Inc. (the "Society"), by and through its undersigned attorneys, and for its Complaint against Defendants Volunteers for Catholic Organizations and Scott Porter, states as follows:

## NATURE OF ACTION

1. This is an action under the Lanham Act, 15 U.S.C. § 1051 et seq., for trademark infringement and unfair competition.

## THE PARTIES

2. The Society is a national non-profit organization that raises, collects, and processes charitable contributions for the poor throughout the United States. It is a Delaware non-profit corporation with its principal place of business at 58 Progress Parkway, Maryland Heights, Missouri 63043. The Society offers tangible assistance to those in need on a person-to-

1

person basis. This aid may take the form of intervention, consultation, or often through direct dollar or in-kind service. To that end, the Society raises, collects, and processes charitable contributions for the poor throughout the United States. Some 12 million persons are helped annually by Vincentians in the United States.

3.     Upon information and belief, Defendant Volunteers for Catholic Organizations ("VCO") is a California corporation with headquarters in Belmont California, and a registered agent for service of process listed as Scott Porter, 1025 Alameda de Las Pulgas Unit #201, Belmont, California, 94002.

4.     Upon information and belief, Defendant Scott Porter is a California resident and the director and operator of VCO.

## JURISDICTION AND VENUE

5.     These claims arise under the Federal Trademark Act of 1946 as amended, 15 U.S.C. § 1051 et seq. (the "Lanham Act").

6.     This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

7.     The Court has personal jurisdiction over Defendant pursuant to Missouri's long-arm statute, Mo. Rev. Stat. § 506.500.1, because Defendants' tortious conduct occurred in Missouri, the harm it is inflicting is occurring in Missouri, because Defendants claim to have processed donations for Missouri residents for the benefit of Missouri entities, and because Defendants intentionally and actively promote a false affiliation with Missouri entities.

8.     Venue is proper under 28 U.S.C. §§ 1391(b)(2) as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

2

## GENERAL ALLEGATIONS

### The Society, Its Marks, and the National Auto Donation Program

9.     This action arises from Defendants VCO and Porter's use of the Society's trademarks in conjunction with operating a website and enterprise designed to compete for automobile donations intended to benefit councils and conferences of the Society of St. Vincent de Paul.

10.     The Society of St. Vincent de Paul has been operating in the United States since 1845, when it held its first meeting in St. Louis, Missouri. Since then it has been operating to raise money for the poor. Among other charitable activities, it currently collects donations, including donations of automobiles that are then processed for a cash value, for the poor throughout the United States.

11.     As its structure, the Society of St. Vincent de Paul has a National Council of the United States that is headquartered in St. Louis, Missouri. The Society is divided further into local councils and conferences that exist in every Catholic diocese in the United States and over 4,600 communities.

12.     The Society has expended considerable money for the advertising and promotion of certain service marks in connection with the Society's charitable services of raising money for the poor. Specifically, since at least as early as 1996, the Society has continuously used in commerce the SOCIETY OF ST. VINCENT DE PAUL U.S.A. ST V D E P® mark, and obtained U.S. Registration No. 2,277,318 on September 14, 1999:



(A copy of this Registration is attached as **Exhibit A**.) The Society has also been using the legally identical mark "SVDP" for more than fifty years, resulting in the Society's common law priority ownership of that word mark.

13. Finally, the Society has used since at least as early as 1996 a drawing of St. Vincent de Paul (Fig. 1 below) as a design mark or logo in connection with advertising and promoting its charitable services, resulting in the Society's common law priority ownership of that service mark.



**Figure 1**

14. Collectively, the marks alleged above in Paragraphs 12 through 13 are referred to herein as the "Society's Marks."

15. On or about September 2, 2006, the Society adopted a resolution or directive that it is the only St. Vincent de Paul organization with the authority to license use of the Society's

4

Marks and other intellectual property. The Society issued this directive to its member councils and conferences.

16. In effect, the 2006 resolution licensed the local councils and conferences to use the Society's Marks, but prohibited them from sub-licensing the Society's Marks to third-parties.

17. Since at least 1996, the Society has raised hundreds of thousands of dollars in charitable donations by marketing and promoting its charitable services and mission under the Society's Marks.

18. The Society has invested hundreds of thousands of dollars in advertising and promoting its services under the Society's Marks.

19. To more effectively raise money for the poor through automobile donations and to prevent councils and conferences from collecting donations outside their respective territories, in 2007 the Society began instituting a National Vehicle Donation Program ("NVDP") for use by potential donors and the local councils and conferences to easily process donations of automobiles.

20. The NVDP was born in part out of specific concerns that five San Francisco Bay Area councils were operating a car donation program that was collecting donations from donors residing outside their territorial boundaries to the detriment of other councils or conferences (the "Bay Area Car Donation Program").

21. Upon information and belief, the Bay Area Car Donation Program was being run by Defendant Porter.

22. In September 2010, the Society launched the NVDP, but the Bay Area Car Donation Program continued to operate and collect donations outside its territorial limits.

23. The Society's NVDP is managed by Insurance Auto Auctions, Inc. ("IAA"), one

5

of the nation's most trusted and respected vehicle donation firms. IAA consistently provides the highest possible returns for vehicle donations – an average of nearly 80 percent for each vehicle.

24.     A vehicle donor's location is determined automatically based on his or her zip code and the registered SVDP Participant in that location is the beneficiary of the donation.

### VCO and the "St. Vincent de Paul Auto Donation Program"

25.     Upon information and belief, at some point between September 2010 and the present, the Bay Area Car Donation Program became Defendant VCO.

26.     VCO maintains and operates what it calls the "St. Vincent Auto Donation Program" and has two domain names that link to its website: (a) www.yes-svdp.com; and (b) www.yes-svdp.org (collectively the "VCO Website"). The VCO Website is an active website by which Internet users, including those located in the forum state and this district, can donate and, on information and belief, have donated, a vehicle through the VCO Website.

27.     Although unaffiliated with the Society in any manner since becoming VCO, VCO continues to operate a vehicle donation service using the Society's Marks without authorization.

28.     Defendants have attempted to justify or excuse VCO's unauthorized use by entering into formal service agreements with an unknown number of councils and conferences.

29.     These formal service agreements purportedly grant VCO a license to use the "name and logo" of the local council or conference, even though the local councils and conferences are not authorized or permitted to license the Society's Marks to third-parties such as VCO, such that such licenses are invalid, unenforceable and void.

30.     Defendants have also attempted to enter into putative "endorser agreements" with councils and conferences that accept donations processed by VCO, by sending councils or

6

conferences checks for the proceeds of a vehicle donation that contain on the back of the check a stamped legend that purports to grant VCO a license to the Society's name and logo and authorization to process vehicle donations for the endorsing council or conference.   Such putative endorser agreements are obtained via false pretense and subterfuge and are thus invalid, unenforceable and void.

31.     On information and belief, VCO provides lower returns for vehicle donations than the nearly 80 percent per vehicle provided by the Society's NVDP.

32.     The VCO Website contains a heading or banner labeling the VCO program as "St. Vincent Auto Donation Program," and also contains the drawing of St. Vincent de Paul that is among or used as features or components of the Society's Marks.  A copy of the VCO website header or banner is reproduced below in Figure 2.



**Figure 2**

33.     In response to internet search queries, VCO describes itself as "**St. Vincent de Paul Auto Donation Program** website - Donate your Car, Boat or RV online or call 800-937-7837." (A copy of one such search result is attached as **Exhibit B**.)  Until recently, VCO has described itself as "the official" auto donation program of the Society in responses to search queries.  (A copy of one such search result is attached as **Exhibit C**.)

34.     The VCO website identifies itself as "SAINT VINCENT DE PAUL" in response to the question "Who?" on the "about us" page.

35.     On the "contact us" page of the VCO Website, VCO makes no attempt to distinguish itself from the Society, and has in fact used "SVDP" as the last four numbers of its

7

telephone number. To the contrary, the content of the VCO Website creates the false impression that donors or potential donors are dealing directly with the Society or, at a bare minimum, that the VCO vehicle donation program is endorsed by, or associated or affiliated with, the Society.

36.     On or about October 22, 2012, Defendant Porter filed trademark application No. 85759805 with the United States Patent and Trademark Office attempting to register the mark "St. Vincent de Paul Auto Donation Program."

37.     On or about February 26, 2013, the USPTO refused application No. 85759805 finding that it was confusingly similar to the Society's registered marks.

38.     On information and belief, Defendant Porter has registered a non-profit organization in the state of California with the name "St. Vincent de Paul Auto Donation Program."

39.     Nonetheless, Defendants continue to use "St. Vincent de Paul Auto Donation Program" on the VCO Website, advertising materials, and business forms, including donation receipts. (See St. Vincent de Paul Auto Donation Society – Auto Donation Receipt, attached hereto as **Exhibit D**; VCO Website Printouts, attached hereto at **Exhibit E**.)

40.     The content of the VCO website creates an impression that it is the Society's website, or is otherwise affiliated with the Society, such that consumer confusion is likely and occurring.

### Instances of Actual Confusion

41.    VCO's Website and Defendants' use of the Society's Marks have led to consumer confusion as to source, origin or affiliation by both potential donors and local councils and conferences of the Society.

42.    For example, on or about January 2013, an automobile donor in Ohio contacted a St. Vincent de Paul representative regarding a car he had recently donated. The donor needed to resend paperwork to the Society for his donation. The Society and NVDP had no record of the donation, which had taken place in October 2012. When asked to whom he donated the car, the donor stated he asked his local church for the Society's contact information and was given a telephone number. The donor had completed the donation using the contact information provided by his local church. Attempting to track down the donation, the Society contacted the telephone number given to the donor by his church and was told that it had reached the vehicle donation program for the Society of St. Vincent de Paul. In fact, it was VCO's contact information.

43.    As another example, on or about the fall of 2012, a donor family in Minnesota inquired about donating a deceased relative's vehicle to the Society of St. Vincent de Paul. The family went online to donate the vehicle with the intention of having the proceeds go to a St. Vincent de Paul council in Michigan. After donating the vehicle, the family failed to receive the proper tax paperwork and called the local council. The NVDP had no record of the vehicle or the name of the family. The family then informed the council that he had inadvertently donated through VCO's Website but did so believing it was the official St. Vincent de Paul vehicle donation site.

44.    On or about January 2012, a donor in Illinois made a vehicle donation to St. Vincent de Paul but had only received a letter stating the donation was received. The local Illinois St. Vincent de Paul council had still not received the funds as of February 2013. The donor had believed he was making a donation through NVDP, but the letter he received indicating the donation was complete had a return address of San Mateo, California and was signed by Defendant Porter.

45.    The Society continues to receive complaints from councils, conferences, and donors regarding inadvertent donations through VCO that were intended for the NVDP.

46.    The Society has demanded that VCO and Porter cease using the Society's Marks in an infringing manner, but Defendants have refused to cease such use.

## COUNT I

### FEDERAL TRADEMARK INFRINGEMENT
### IN VIOLATION OF LANHAM ACT § 32(1) (15 U.S.C. § 1114(1))

47.    Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 46 of this Complaint as though fully set forth herein.

48.    This is a claim by the Society for infringement of its trademarks.

49.    The Society's Marks are in full force and effect, and have never been abandoned.

50.    The Society's Marks are inherently distinctive or have acquired distinctiveness through extensive promotion and advertising.

51.    The Society's Marks are owned by the Society and are widely used by the Society throughout the United States, its possessions and various other foreign countries.

52.    The Society intends to reserve and maintain its rights with respect to its Marks, and to continue to use its Marks through the collection of charitable donations, specifically those procured through automobile donations.

10

53. By virtue of the goodwill and reputation for quality and comfort associated with the Society's Marks and the Society's extensive efforts at promoting, advertising and utilizing said Marks, the Society's Marks have developed a secondary meaning and significance in the minds of the purchasing public. The services provided in connection therewith are immediately identified by the purchasing public with the Society (or as emanating from a single source).

54. Further, Defendants' unauthorized use of the Society's Marks, as alleged herein, reproduces, counterfeits, copies, colorably imitates, and constitutes infringement of the Society's Marks and has caused and will likely continue to cause confusion and mistake in the minds of the purchasing public as to the source of the goods and services in violation of 15 U.S.C. § 1114(1).

55. The activities of Defendants complained of herein constitute willful and intentional infringement of the Society's Marks in total disregard of the Society's proprietary rights, and were commenced and have continued in spite of Defendants' knowledge that the use of any of the Society's Marks, or any reproduction, counterfeit, copy or colorable imitation thereof, was and is in direct contravention of the Society's rights.

56. Defendants' unauthorized use of the Society's Marks is greatly and irreparably damaging to the Society in the form of: (i) loss of income and charitable contributions; (ii) lessening and dilution of the Society's Marks; (iii) interference with the Society's ability to exploit its rights; (iv) confusion in the marketplace as to the duly authorized source of the goods and services provided in conjunction with the Society's Marks; and (v) impairment of the goodwill the Society has in its Marks, and, if not enjoined, will continue to cause irreparable damage to the rights of the Society in the Society's Marks and to the business, reputation and goodwill of the Society.

11

57.     Plaintiff has no adequate remedy at law.

58.     The Society is entitled to permanent injunctive relief against Defendants pursuant to 15 U.S.C. § 1116.

59.     The Society is entitled to recover from Defendants their profits, all damages that the Society has sustained from Defendants' infringement, prejudgment interest, and the costs associated with this action pursuant to 15 U.S.C. § 1117.

60.     Because Defendants conduct is willful, the Society is also entitled to recover from Defendants treble damages and reasonable attorney's fees pursuant to 15 U.S.C. § 1117.

WHEREFORE, the Society respectfully requests that the Court permanently enjoin Defendants VCO and Scott Porter from continuing to use the Society's Marks (or any derivation or colorable imitation thereof), or any of them, in conjunction with processing automobile donations or other charitable donations on behalf of the Society or other Saint Vincent de Paul conferences or councils. The Society further requests that the Court permanently enjoin Defendants from pursing federal trademark application No. 85759805, or a registration in any jurisdiction for any SVDP or St. Vincent de Paul derivative marks, or use the terms "SVDP" or "St. Vincent de Paul" as part of any mark or trade name. The Society also requests that the Court award it damages associated with Defendants' past use and infringement of the Society's Marks, including but not limited to three times Defendants' profits, three times the damages sustained by the Society as the result of Defendants' conduct, costs, prejudgment interest, attorney's fees, and such further and/or alternative relief this Court deems proper.

## COUNT II

### UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN, AND FALSE DESCRIPTIONS IN VIOLATION OF LANHAM ACT § 43(a) (15 U.S.C. § 1125(a))

61.     Plaintiff repeats and realleges and incorporates by reference paragraphs 1 through 60 of this Complaint as though the same were fully written herein.

62.     The Society's Marks are each individually distinctive, have been used throughout the United States and are well known to the trade and members of the purchasing public.

63.     The public associates and identifies the Society's Marks with the Society (or associates them with a single source).

64.     Defendants' conduct in the advertising, sale, offering for sale and/or other use of the Society's Marks constitutes false designation of origin or sponsorship of Defendants' goods and services and tends falsely to represent that said goods and services originate from the Society or that said goods and services of Defendants have been sponsored, approved, or licensed by the Society or are in some way affiliated or connected with the Society, all in violation of 15 U.S.C. § 1125(a).

65.     Defendants' actions were done willfully with full knowledge of the falsity of such designations of origin and such descriptions or representations, and with express intent to cause confusion, and mislead and deceive the purchasing public.

66.     Defendants' unlawful acts constitute commercial use in interstate commerce.

67.     Defendants' unauthorized use of the Society's Marks is greatly and irreparably damaging to the Society in the form of:  (i) loss of income and charitable contributions; (ii) interference with the Society's ability to exploit its rights; (iii) confusion in the marketplace as to the duly authorized source of the goods and services provided in conjunction with the

Society's Marks; and (iv) impairment of the goodwill the Society has in its Marks, and, if not enjoined, will continue to cause irreparable damage to the rights of the Society in the Society's Marks and to the business, reputation and goodwill of the Society.

68.    The Society has no adequate remedy at law.

WHEREFORE, the Society respectfully requests that the Court permanently enjoin Defendants VCO and Scott Porter from continuing to use the Society's Marks (or any derivation or colorable imitation thereof) in conjunction with processing automobile donations or other charitable donations on behalf of the Society or other Saint Vincent de Paul conferences or councils. The Society further requests that the Court permanently enjoin Defendants from pursing federal trademark application No. 85759805, or a registration in any jurisdiction for any SVDP or St. Vincent de Paul derivative marks, or use the terms "SVDP" or "St. Vincent de Paul" as part of any mark or trade name.  The Society also requests that the Court award it damages associated with Defendants' past use and infringement of the Society's Marks, including but not limited to three times Defendants' profits, three times the damages sustained by the Society as the result of Defendants' conduct, costs, prejudgment interest, attorney's fees, and such further and/or alternative relief this Court deems proper.

## JURY DEMAND

69.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff respectfully demands a trial by jury on all counts so triable.

Dated:  July 15, 2013                    Respectfully submitted,


**GREENSFELDER, HEMKER & GALE, P.C.**


By      /s/ John E. Petite
        John E. Petite, MBE# 44404
        jep@greensfelder.com
        Ryan J. Yager, MBE #64256
        rjy@greensfelder.com
        10 South Broadway, Suite 2000
        St. Louis, MO  63102
        314-241-9090 (telephone)
        314-241-1285 (fax)

*Attorneys for Plaintiff National Council of the United States Society of St. Vincent de Paul, Inc.*